OPINION
Anthony Ginyard appeals from the trial court's decision and judgment entry which granted the State's motion for summary judgment and dismissed Ginyard's petition for post-conviction relief without holding a hearing.
Anthony Ginyard was found guilty following a jury trial, of gross sexual imposition, kidnaping, and rape. Ginyard was sentenced to eighteen months imprisonment on the gross sexual imposition and ten years imprisonment each on the kidnaping and rape. The trial court merged the rape and kidnaping convictions, and it ordered that sentence to be served consecutively to the sentence for gross sexual imposition, for a total of eleven and one-half years imprisonment. Ginyard timely appealed to this court from his convictions and sentence, and the State cross-appealed on the merger of the rape and kidnaping counts. We consolidated those two appeals.
While Ginyard's direct appeal was pending, he filed a petition for post-conviction relief in the trial court. As grounds for relief, Ginyard alleged that he was denied the effective assistance of counsel at trial because defense counsel had failed to offer "exculpatory evidence, in the form of laboratory reports from the Miami Valley Regional Crime Lab. Those reports indicated that a caucasian head hair was found on the "absorbent sheet" the victim sat on during her rape examination at the hospital. Because both the victim in this case and Ginyard are African Americans, Ginyard asserts that this evidence points to someone else as the person who had sex with this victim, and is significant because there is no evidence connecting Ginyard to this crime other than the testimony of the victim.
After the State filed its motion for summary judgment and Ginyard filed his memorandum contra, the trial court granted the State's motion for summary judgment and dismissed Ginyard's post-conviction petition without a hearing. The basis of the trial court's decision was the fact that, contrary to Ginyard's assertion, the lab reports in question were admitted into evidence and presented to the jury for their consideration as joint exhibits.
Ginyard timely filed his notice of appeal to this court from the trial court's judgment overruling his petition for post-conviction relief. Subsequently, on October 8, 1999, this court issued its decision which affirmed Ginyard's convictions on direct appeal, but remanded the matter to the trial court for resentencing because we determined that the trial court erred in merging the rape and kidnaping convictions. State v. Ginyard
(October 8, 1999), Montgomery App. Nos. 17344, 17372, unreported.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT CONDUCTING A HEARING.
In his sole assignment of error Ginyard argues that his petition for post-conviction relief was supported with sufficient operative facts to entitle him to a hearing on his claim that defense counsel performed in a constitutionally deficient manner at trial by failing to present to the jury some lab reports which indicated that a caucasian head hair was found on the absorbent sheet on which the victim was sitting during her rape examination.
According to Ginyard, because both he and the victim in this sexual assault case are African-Americans the information contained in the lab reports was exculpatory because it indicates that someone other than Ginyard committed this offense. Moreover, because there was no physical evidence presented at trial connecting Ginyard to this offense, this exculpatory evidence in the lab reports would have given rise to a reasonable probability that the outcome of this trial would have been different. Therefore, defense counsel's failure to offer that evidence was prejudicial.
On direct appeal from his convictions in this court, Ginyard presented this same ineffective assistance of counsel claim as his second assignment of error. We examined that claim on its merits and overruled it, stating:
 In claiming he was denied effective assistance of counsel at trial, however, Ginyard mistakenly contends that the lab reports from the Miami Valley Regional Crime Laboratory were not presented to the jury during trial and that prejudice resulted therefrom. As we noted in footnote one, above, those lab reports were admitted into evidence as Joint Exhibits 1 and 11, and were provided to the jury along with a third report to which Ginyard makes no reference. Therefore, even if we were to find that Ginyard's trial attorney's representation was defective for his failure to present testimonial evidence concerning the results of the lab reports, we could find no prejudice since the evidence was provided to the jury. The jury was properly instructed that the exhibits admitted during trial were evidence, and that it should consider all the evidence in making its findings. Nothing in the record suggests that the jurors did otherwise. We cannot say, therefore, that the result of Ginyard's trial would have been different had they been presented with the lab reports since those reports were in fact provided to them.
 Ginyard also contends that his trial counsel was derelict in failing to request a new standard of pubic hair as was suggested in the Miami Valley Regional Crime Laboratory's report dated April 2, 1998. The laboratory's report dated May 8, 1998, however reflects that such a standard was submitted and that no pubic hair match resulted from the comparison of the samples from Davis and Ginyard. This, too, was evidence the jury had in its possession during their deliberations. Thus, we find neither error by Ginyard's trial attorney nor prejudice flowing therefrom.
 For the foregoing reasons, Ginyard's second assignment of error is overruled.
State v. Ginyard (October 8, 1999), Montgomery App. Nos. 17344 and 17372, unreported at p. 9-11.
Having raised in his direct appeal to this court his present ineffective assistance of counsel claim, which we determined lacked any merit, Ginyard is precluded by the doctrine of resjudicata from raising that same claim as grounds for post-conviction relief. State v. Steffen (1994), 70 Ohio St.3d 399; State v. Perry (1967), 10 Ohio St.2d 175.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and FAIN, J., concur.